**UNITED STATES of America,**
**Appellee,**

v.

**Carmen Nannette OLIVO, also known as Yvonne Sequiera, also known as Annette Vega, also known as Nannette Vega, also known as Dannette Durcal; Tatiana Eremeev, also known as Tania Eremeev, Defendants–Appellants.**

**Docket Nos. 03–1317(L), 03–1331(CON).**

United States Court of Appeals, Second Circuit.

Nov. 19, 2004.

Malvina Nathanson, Richard L. Herzfeld, New York, NY, for Carmen Nannette Olivo.

Jeremy F. Orden, New York, NY, for Tatiana Eremeev.

Michael S. Schachter, Assistant United States Attorney, Southern District of New York, New York, NY, for Appellees.

Present: NEWMAN, MCLAUGHLIN, and POOLER, Circuit Judges.

## SUMMARY ORDER

We assume the parties' familiarity with the facts, proceedings below and specification of appellate issues and hold as follows.

(1) The district court did not abuse its discretion, *see United States v. Thai*, 29 F.3d 785, 803 (2d Cir.1994), by declining to conduct a further inquiry about statements allegedly made by jurors to another juror during a jury poll because (a) the judge, who was present during polling, could judge the validity of these unsworn claims without conducting a hearing; (b) the claims were first made a week after the jury delivered its verdict and was discharged, *see id.;* and (c) the statements were not connected with an extra-judicial source, *see United States v. Olano*, 507 U.S. 725, 737–38, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (stating that the purpose of requiring jurors to conduct their deliberations is to ensure that no extraneous influence is brought to bear on those deliberations).

(2) The district court did not abuse its discretion, *see United States v. Anglin*, 169 F.3d 154, 162 (2d Cir.1999), by declining to allow Eremeev's counsel to ask questions concerning certain co-conspirators' religion without an offer of proof establishing that their religion was relevant to an issue in contention.

(3) Because the jury reasonably could have found Olivo guilty of participation in a single conspiracy, her contention of prejudicial spillover lacks merit. *See United States v. Maldonado–Rivera*, 922 F.2d 934, 963 (2d Cir.1990) ("[A] single conspiracy is not transformed into multiple conspiracies merely by virtue of the fact that it may involve two or more phases or spheres of operation, so long as there is sufficient proof of mutual dependence and assistance.").

(4) Olivo's argument made pursuant to *Blakely v. Washington*, —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), lacks merit. *See United States v. Mincey*, 380 F.3d 102 (2d Cir.2004) (per curiam). However, the mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (mem.) (accepting certiorari), and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (mem.) (accepting certiorari). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of its order that address a defendant's sentence until after the Supreme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.

Therefore, the judgment of the district court is affirmed, and the Clerk is directed to hold the mandate pending the decision in *Booker* and *Fanfan*.